UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| YANKEE SUPPLY COMPANY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff(s), | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:06-CV-1643 (JCH) |
|  | ) |  |
| STEVEN COX, INC., et al., | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant Stephen Cox, Inc.'s Rule 12(b)(7) Motion, filed February 22, 2007. (Doc. No. 31). The matter is fully briefed and ready for a decision.

**BACKGROUND**

Plaintiff Yankee Supply Company is a business that buys and sells material handling products. (Am. Compl., Doc. No. 29 ¶ 1). Defendant Stephen Cox., Inc. is a business that buys and sells industrial equipment. (Id. at ¶ 2-3). In October 2005, Defendant contacted Plaintiff to gauge its interest in buying used racking, shelving, and industrial equipment ("Equipment") from various Home Depot stores. (Id. at ¶ 7). After seeing the Equipment at one of the stores, Plaintiff offered to purchase it. (Resp., Doc. No. 33 Ex. A). Defendant accepted by sending Plaintiff a letter and multiple invoices ("Contract"). (Id. at Ex. B). Notably, the Contract instructed Plaintiff to remit payment to Defendant. (Id. at Ex. B).

Defendant, however, did not own the Equipment when it entered into the Contract. (Mot. for Joinder, Doc. No. 31 ¶ 6). Defendant had arranged to buy the Equipment from Jon Reid ("Reid") and Atlantic Fixture Corporation ("Atlantic"). (Id. at ¶ 4). Reid and Atlantic, however, never delivered the Equipment to Defendant. (Stephen Cox., Inc. v. Jon Reid, et al., 4:06-cv-1346-SNL, Am. Compl.,

- 1 -

Doc. No 4).[1] Plaintiff knew that Atlantic was the source of this Equipment. (Id. at Ex. 2). Defendant alleges that the real agreement was between Plaintiff[2] and Atlantic because Plaintiff knew Defendant was Atlantic's agent.[3] (Id. at Ex. 1). Plaintiff vigorously denies this allegation and notes that the Contract does not reference Atlantic.(Resp., Doc. No. 32 Ex. A-B).

Plaintiff brought this action for breach of contract and seeks the recovery of lost profits and the refund of a $320,000 payment. (Am. Compl., Doc. No. 29 ¶ 7-14). In its motion, Defendant alleges that Reid and Atlantic must be joined as necessary parties under Fed. R. Civ. P. 19(a)(1)[4] because they were parties to the Contract.[5] Plaintiff asserts that Reid and Atlantic were not a party to the Contract and Defendant was not their agent.

## **MOTION TO DISMISS STANDARDS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005). A cause of action should not be dismissed for failure to state a claim unless, from the face of the

---

[1] Stephen Cox, Inc. alleges that Reid's failure to deliver the Equipment violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 et seq. Judge Limbaugh recently entered a default judgment against Reid in the amount of $1,495,944.00 plus costs and post judgment interest. (4:06-CV-1346-SNL, Order of Default J., Doc. No. 20).

[2] In an email, Plaintiff's employee Steven Ciampanelli wrote to Reid that "I hope this gets resolved soon on your end soon because Steve is a nice guy and it is too bad that he has been put in the middle of this fiasco." (Mot. for Joinder, Doc. No. 31 Ex. A pg. 11).

[3] In the case before Judge Limbaugh, Defendant does not allege that it was either Reid or Atlantic's agent. (4:06-CV-1346-SNL, Am. Compl., Doc. No. 4).

[4] Defendant asserts that Reid and Atlantic's joinder is feasible.

[5] Although Defendant's motion cites to Fed. R. Civ. P. Rule 19(a), it only discusses issues raised under Rule 19(a)(1). Thus, the Court will not discuss Rule 19(a)(2).

Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted)

## **DISCUSSION**

Federal Rule of Civil Procedure 19 governs the joinder of necessary parties and states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or other wise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). Rule 19, in essence, provides for the joinder of parties "who should or must take part in the litigation to achieve a just adjudication." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 126 S. Ct. 606, 614, (2005)(citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 118-23 (1968)). This determination is made on a case-by-case basis and is dependent on the facts of the case. Alpers Jobbing Co., Inc. v. Northland Cas. Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997). When considering Rule 19(a), the Court bases its decision on the pleadings as they appear at the time of the proposed joinder. Associated Dry Goods Corp. v. Tower Fin. Corp., 920 F.2d 1121, 1124 (2d Cir. 1990)(stating that "[p]laintiffs are not required to anticipate defendant's counterclaims and join all parties that may be necessary for defendant's benefit.").

Upon consideration, Reid and Atlantic are not necessary parties under Rule 19(a)(1).[6] When applying Rule 19(a)(1), "the focus is on the relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." LLC Corp v. Pension Benefit Guar. Corp., 703 F.2d 301, 305 (8th Cir. 1983). Both parties can be afforded complete relief without joining Reid and Atlantic because Plaintiff can recover all of its alleged damages without their presence and Defendant has not requested any relief.

Defendant tries to avoid this conclusion by asserting that Reid and Atlantic are parties to the Contract. Although a party to a contract is a necessary party, a person who is not a party to the contract, but who may be obligated or affected by a court's interpretation of the contract, is not a necessary party. Helzberg's Diamond Shops, Inc. v. Valley W. Des Moines Shopping Ctr., Inc., 564 F.2d 816, 820 (8th Cir. 1977). Upon consideration, determining whether Reid or Atlantic are parties to the Contract would be premature at this stage of the litigation. The Court lacks sufficient information to determine the terms, or extent, of Reid's and Atlantic's relationship with the parties. See Blacksmith Invs., LLC v. Cives Steel Co., Inc., 228 F.R.D. 66, 74 (D. Mass. 2005).[7] Furthermore, joining Reid and Atlantic will unnecessarily complicate and delay the resolution of this simple contractual dispute. This conclusion is bolstered by the complete lack of participation by Reid and Atlantic in the case before Judge Limbaugh. (4:06-CV-1346 SNL., Order of Default Judgment, Doc. No. 20).

Accordingly,

---

[6] Although assuming that the parties had discussed Rule 19(a)(2), Reid and Atlantic are not necessary parties under that provision because they have not claimed an interest in the subject matter of this action.

[7] The Court also notes that this decision does not prejudice Defendant because Fed. R. Civ. P. 12(h)(2) allows the defense of failure to join an indispensable party to be raised any time before the end of trial.

**IT IS HEREBY ORDERED** that Defendant's Rule 12(b)(7) Motion is **DENIED**.

Dated this <u>22nd</u> day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE